IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| EARL & PATRICIA DEES, etc., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | CIVIL ACTION NOS. |
| v. | ) ) | 2:09cv104-MHT 2:09cv112-MHT |
| COLONIAL BANCGROUP, INC; et al., | ) ) ) | 2:09cv129-MHT 2:09cv132-MHT (WO) |
| Defendants. | ) | |
| | | |
| CRAIG BOZEMAN, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) ) | 2:09cv124-MHT |
| THE COLONIAL BANCGROUP, INC., ROBERT E. LOWDER, SARAH H. MOORE, and T. BRENT HICKS, | ) ) ) ) ) | |
| Defendants. | ) | |

```
ROBIN REYNOLDS,                  )
individually and on              )
behalf of all others             )
similarly situated,              )
                                 )
     Plaintiff,                  )
                                 )    CIVIL ACTION NO.
     v.                          )      2:09cv148-MHT
                                 )
COLONIAL BANCGROUP, INC.;        )
ROBERT E. LOWDER; SARAH H.       )
MOORE; T. BRENT HICKS; and       )
PATTI HILL,                      )
                                 )
     Defendants.                 )


DONALD R. MYRICK,                )
individually and on              )
behalf of all others             )
similarly situated,              )
                                 )
     Plaintiff,                  )
                                 )    CIVIL ACTION NO.
     v.                          )      2:09cv149-MHT
                                 )
THE COLONIAL BANCGROUP,          )
INC., ROBERT E. LOWDER,          )
SARAH H. MOORE, and              )
BRENT T. HICKS.                  )
                                 )
     Defendants.                 )
```

## OPINION AND ORDER

These private securities litigation cases are before the court on the question of whether the 'short-class

cases' (already consolidated as Dees, 2:09cv104-MHT) should be consolidated with the 'long-class cases' (Bozeman, 2:09cv124-MHT; Myrick, 2:09cv149-MHT; and Reynolds, 2:09cv148-MHT). Motions to consolidate the short-class and long-class cases have been filed in Dees, Bozeman, Myrick, and Reynolds. For the following reasons, these motions will be granted.

    1. Although the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4, does not provide an explicit standard for consolidation, it does provide that the court shall consider any motions to consolidate actions asserting "substantially the same claim or claims arising under" the securities laws. § 78u-4(a)(3)(B)(ii). The claims underlying both the short-class and long-class cases are substantially the same. Both sets of cases assert that Colonial BancGroup, Inc. violated §§ 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) when it issued a press release on December 2, 2008, which allegedly failed to disclose certain essential conditions attached to Colonial's potential

receipt of federal funds under the Troubled Asset Relief Program (TARP).  In addition, both sets of cases claim damages, at least in part, due to the significant decline in Colonial's stock price after the conditions on the TARP funding were finally revealed in a press release on January 27, 2009.

    2. Although the long-class cases are wider in scope, alleging fraudulent acts going back to January 2008, this does not present a bar to consolidation.  Numerous district courts have consolidated PSLRA cases despite differences in the class start date.  See, e.g., In re Microstrategy Inc. Securities Litig., 110 F.Supp.2d 427, 431 (E.D. Va. 2000); In re Enron Corp. Securities Litig., 206 F.R.D. 427, 438 (S.D. Tex. 2002); In re Cedant Corp. Litig., 182 F.R.D. 476, 479 (D. N.J. 1998).  Moreover, the major action in both cases took place during the same period of time, and the time period in both cases is relatively short.

    3. Further, consolidation of these cases meets the requirements of Federal Rule of Civil Procedure 42(a),

which provides that the court may order consolidation of any actions involving "common question of law or fact." As described above, these cases assert many of the same, substantial questions of law and fact.

4.  Because the cases overlap so substantially and significantly, discovery issues can be handled more efficiently in one consolidated case. Indeed, it would be extremely wasteful, of both private and judicial resources, to keep the sets of cases separate with separate discovery; further, to attempt joint discovery in the separate cases would further complicate already complicated proceedings.

5.  An overwhelming majority of the parties with an interest in these cases, including those who have allegedly lost the greatest amounts of money, favor and have moved for consolidation.

6.  To the extent that some plaintiffs in the short-class cases contend that their issues can be resolved more quickly, there is no reason why consolidation would frustrate that possibility. This is an interest that the

court may accommodate in fashioning discovery and in scheduling in the consolidated case.

\*\*\*

Therefore, it is ORDERED as follows:

(1) The motions to consolidate, filed in <u>Dees v. Colonial BancGroup, Inc</u>, civil action no. 2:09cv104-MHT (M.D. Ala) (doc. nos. 49 & 50); <u>Bozeman v. Colonial BancGroup, Inc</u>, civil action no. 2:09cv124-MHT (M.D. Ala) (doc. no. 33); <u>Myrick v. Colonial BancGroup, Inc</u>, civil action no. 2:09cv149-MHT (M.D. Ala) (doc. no. 17); and <u>Reynolds v. Colonial BancGroup, Inc</u>, civil action no. 2:09cv148-MHT (M.D. Ala) (doc. no. 26), are granted and these cases are consolidated.

(2) The lead case is <u>Dees</u>.

(3) All future filings by the parties and their attorneys should be in the <u>Dees</u> case only.

DONE, this the 17th day of April, 2009.

      /s/ Myron H. Thompson
  UNITED STATES DISTRICT JUDGE